UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SANGVANG JUAN MEKDARA, | Case No. 15-CV-3632 (JNE/JJK) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| DENISE WILSON, Warden, F.C.I. Sandstone, | |
| Respondent. | |

---

Petitioner Sangvang Juan Mekdara, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his habeas petition, Mekdara challenges the validity of a sentence imposed in the United States District Court for the Northern District of Iowa. This Court, however, lacks jurisdiction to consider Mekdara's habeas petition, and so it is recommended that Mekdara's habeas petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I.  BACKGROUND

In August 2011, Mekdara was indicted in the Northern District of Iowa for drug offenses committed over the course of the previous year. *See United States v. Mekdara*, No. 5:11-cr-4118-DEO-2 (N.D. Iowa filed Aug. 25, 2011). Mekdara eventually pleaded guilty to three drug

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Mekdara seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

crimes and was sentenced to concurrent 199-month terms of imprisonment for those offenses. *Id*. That sentence amounted to a downward variance of 36 months from the range recommended by the United States Sentencing Guidelines (235-293 months) for a defendant with an offense level of 36 and criminal-history category of III. *Id*. Mekdara did not directly appeal his conviction or sentence.

The United States Sentencing Commission recently revised the offense levels under the Sentencing Guidelines for many drug crimes. As a result of those revisions, the conduct for which Mekdara was convicted now results in a recommended sentencing range of 188-235 months (down from 235-293 months at the time of Mekdara's sentencing). *Id*., ECF No. 94. On its own motion, the sentencing court concluded that Mekdara was eligible for a reduction in sentence due to these recent Sentencing Guidelines amendments. *See* 18 U.S.C. § 3582(c)(2). Under U.S.S.G. § 1B1.10(b)(2)(A), though, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. [§] 3582(c)(2) . . . . to a term that is less than the minimum of the amended guideline range . . . ." Thus, although Mekdara's original sentence of 199 months amounted to a three-year downward variance below the original sentencing range, § 1B1.10(b)(2)(A) prohibited the sentencing court from similarly varying below the amended sentencing range. Instead, under § 3582(c)(2) and § 1B1.10(b)(2)(A), the most relief that the sentencing court could provide was a sentence at the bottom of the amended Guidelines range, or 188 months. The sentencing court did exactly that, modifying Mekdara's term of imprisonment to 188 months.

Unsatisfied with the 11-month reduction in sentence granted by the sentencing court, Mekdara appealed the order modifying his sentence to the Eighth Circuit Court of Appeals. The

judgment, however, was summarily affirmed without additional comment.  Mekdara then sought relief in the sentencing court under 28 U.S.C. § 2255, alleging that the sentencing court's reliance on § 1B1.10(b)(2)(A) violated the ex post facto clause of the Constitution.  Mekdara argued that § 1B1.10(b)(2)(A) amounts to an additional punishment not in effect at the time of the commission of his offense, as the Sentencing Guidelines at the time he violated the law did not constrain a judge modifying a sentence under § 3582(c)(2) from imposing a below-Guidelines sentence.

The sentencing court denied Mekdara's motion as untimely.  Section 2255(f)(1) sets a one-year limitations beginning from "the date on which the judgment of conviction becomes final."  Mekdara's judgment of conviction became final in 2012.  He did not seek § 2255 relief until 2015.  This was too late, concluded the sentencing court.  *See Mekdara v. United States*, 5:12-CV-4056-DEO (N.D. Iowa order July 29, 2015).

Mekdara has not appealed the denial of his § 2255 motion.  Instead, he has filed a petition for a writ of habeas corpus raising substantially the same ex post facto clause argument as in his § 2255 motion.  Mekdara's habeas petition is now before the Court for consideration.

II.  ANALYSIS

As an initial matter, "[a] federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted); *accord Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241.").  Federal district courts lack jurisdiction to hear a

federal prisoner's collateral challenge to his conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

Mekdara is clearly attempting to challenge the legality of a sentence — that is, the revised sentence imposed after the amendment of the Sentencing Guidelines.  As just explained, a collateral challenge to the validity of a sentence imposed must be brought through § 2255,[2] unless that provision can be shown to be inadequate or ineffective to test the legality of the sentence.  Mekdara has not made such a showing.  Specifically, the fact that Mekdara's motion under § 2255 was denied as untimely does not render § 2255 inadequate or ineffective.[3]  *See*

---

[2]Mekdara also had another avenue of relief available to him — direct appeal from the order modifying his sentence.  And in fact, Mekdara fully availed himself of that avenue for relief.  The Eighth Circuit nevertheless summarily affirmed the judgment of the sentencing court. "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction." *Abdullah*, 392 F.3d at 963.  Mekdara's habeas petition habeas is a request for a third bite at the apple.

[3]In fairness to Mekdara, it is not entirely clear to this Court that his § 2255 motion *should* have been denied on untimeliness grounds.  Under § 2255(f), the one-year limitations period runs from the latest of four possible dates.  One of those dates is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).  As the sentencing court correctly noted, Mekdara's conviction had been final for well over a year before he filed his motion under § 2255.

(continued...)

*United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citing *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999)). Nor is § 2255 inadequate or ineffective "merely because § 2255 relief has already been denied . . . ." *Id*.

In addition, savings-clause relief is available only where a petitioner seeks to challenge the "legality of his detention." 28 U.S.C. § 2255(e). Such a claim may be raised, for example, where a petitioner alleges that he is actually innocent of a criminal offense, or where the petitioner alleges that his sentence exceeds the statutory maximum. *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1279-81 (11th Cir. 2013) (collecting cases). Mekdara does not and cannot allege that the sentence imposed on him is *illegal*. He does not allege that he is actually innocent of the offenses for which he was convicted (he admitted to those offenses when pleading guilty); he cannot allege that his sentence exceeds the statutory maximum of life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A); and he acknowledges that his sentence is within

---

[3](...continued)
But § 2255(f)(4) also provides a one-year limitations period beginning from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Mekdara could not have discovered the facts underlying his claim until the sentencing court entered the order reducing his sentence by less than Mekdara believed he was entitled. Mekdara's § 2255 motion therefore may have been within the one-year limitations period.

That said, what matters for purposes of savings-clause analysis is not whether the sentencing court was right or wrong; instead, what matters is whether § 2255 provided Mekdara with the opportunity to challenge the legality of the sentence imposed. Section 2255 provided such an opportunity, and so Mekdara's claim does not fit within the savings clause. *See Wilson v. Wilson*, No. 13-CV-3285 (PJS/FLN), 2014 WL 3048476, at *2 (D. Minn. July 7, 2014) ("Indeed, § 2255 is not considered inadequate or ineffective even when the petitioner alleges that the sentencing court misunderstood or failed to adequately address his previous § 2255 claim."). Moreover, recourse was available to Mekdara for any error committed by the sentencing court in considering his motion under § 2255; he could have requested a certificate of appealability and sought relief from the Eighth Circuit.

and, indeed, is at the very bottom of the range recommended by the Sentencing Guidelines. Regardless of whether the Sentencing Guidelines *permitted* the sentencing court to impose a more lenient punishment than the sentencing court believed, the sentence actually imposed on Mekdara was not illegal. After all, the sentencing court need not have modified Mekdara's sentence at all. *See* 18 U.S.C. § 3582(c)(2) ("the court *may* reduce the term of imprisonment . . . ." (emphasis added)).

For those reasons, the savings clause does not apply in this case and the Court lacks jurisdiction to grant Mekdara habeas relief.[4] This Court therefore recommends that Mekdara's habeas petition be denied, and that this action be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this action be SUMMARILY DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Dated: September 22, 2015         *s/ Jeffrey J. Keyes*
                                                       JEFFREY J. KEYES
                                                      United States Magistrate Judge

---

[4] In any event, as pointed out by several courts, Mekdara's argument for relief is without merit. *See United States v. Diggs*, 768 F.3d 643, 645-46 (7th Cir. 2014); *United States v. Colon*, 707 F.3d 1255, 1258-59 (11th Cir. 2013); *United States v. Karkenny*, 79 F. Supp. 3d 494, 496 (S.D.N.Y. 2015) ("Moreover, the subsequent limitation of this Court's discretion to reduce the defendant's sentence does not represent an increase in punishment. Rather, it simply limits the circumstances in which the Court can reduce the defendant's sentence.").

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.