UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sangvang Juan Mekdara,

        Petitioner,

v.                                           Case No. 15-cv-3632 (JNE/JJK)
                                           ORDER

Denise Wilson, Warden, F.C.I.
Sandstone,

        Respondent.

Petitioner Sangvang Mekdara ("Mekdara") moves pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's judgment against him (Dkt. No. 4) on his earlier petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Mekdara argues that the Court erred in concluding that it lacked jurisdiction to decide his habeas petition.  Pl.'s Br. 1, 5-6, Dkt. No. 5.  This motion is thus properly brought under Rule 60(b) and is not a second habeas petition.  *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009).

In dismissing Mekdara's petition, the Court adopted the holding of a September 22, 2015 Report and Recommendation (Dkt. No. 2) that Mekdara's petition could "not be entertained" because "the fact that Mekdara's motion under § 2255 was denied as untimely does not render § 2255 inadequate or ineffective."  Dkt. No. 3 (order adopting the Report and Recommendation); Dkt. No. 2, at 4-5 (citing 28 U.S.C. § 2255(e)).  Section 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears" that the "court which sentenced him . . . has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  The "inadequate or ineffective" requirement means something more than "a procedural barrier to bringing a § 2255 order."  *United States v.*

*Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).  Specifically, as previously explained, it is not enough that the § 2255 motion was denied as untimely.  *Id.*; *see also Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  A recent order by the Honorable Mark W. Bennett, U.S. District Court Judge for the Northern District of Iowa, reaffirmed the denial of Mekdara's initial § 2255 motion as time-barred.  *Mekdara v. United States*, No. C15-4056-MWB, 2015 WL 6757615, at *6 (N.D. Iowa Nov. 5, 2015).  Thus, the Court still has no jurisdiction to consider Mekdara's petition.  Moreover, § 2255(e) relief is not available where Mekdara could—and indeed, did— directly appeal the modified sentence that he sought to collaterally attack in the habeas petition. *Lurie*, 207 F.3d at 1077 ("All of the claims asserted here . . . could have been maintained in a timely § 2255 motion or on direct appeal."); Dkt. No. 2, at 2-3; *see also Abdullah*, 392 F.3d at 963 (holding that § 2255 was not inadequate or ineffective where petitioner had an earlier procedural opportunity to present his claims).

Mekdara also asks the Court to reopen his case as a matter of fairness to allow him the opportunity to rebut certain *dicta* in a footnote of the Report and Recommendation.  Pl.'s Br. 10- 12.  Such a request does not implicate fundamental fairness concerns so as to justify relief from the entry of judgment.  As an aside, the Court notes that Mekdara took the opportunity in briefing this motion to articulate his rebuttal.  *See* Dkt. No. 5, at 6-8.

For the foregoing reasons, IT IS ORDERED THAT:

1.    Petitioner Sangvang Juan Mekdara's Rule 60(b) motion for
      reconsideration [Docket No. 5] is DENIED.

Dated:  March 1, 2016                          s/ Joan N. Ericksen
                                               JOAN N. ERICKSEN
                                               United States District Judge